ELECTRONICALLY FILED - 2022 Aug 30 9:45 AM - LEXINGTON - COMMON PLEAS - CASE#2022CP3202987

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT |
| | C/A NO. 2022-CP-33-_____ |
| Christopher Mobley II,<br>Plaintiff, | |
| -vs- | **SUMMONS**<br>(Jury trial demanded) |
| Ryder Integrated Logistics Inc and Jerry<br>Huebschen,<br>Defendants. | |

**TO:    DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, SC 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

_s/David R. Williams_____
David R. Williams (SC Bar # 77899)
Virginia W. Williams (SC Bar # 77898)
Charlie H. Williams, III (SC Bar # 79897)
WILLIAMS & WILLIAMS ATTORNEYS AT LAW
1281 Russell Street
Orangeburg, SC 29115
Tel: (803) 534-5218
Fax: (803) 928-5190
Email: david@williamsattys.com
          ginny@williamsattys.com
          charlie@williamsattys.com

ATTORNEYS FOR PLAINTIFF

August 30, 2022
Orangeburg, South Carolina

ELECTRONICALLY FILED - 2022 Aug 30 9:45 AM - LEXINGTON - COMMON PLEAS - CASE#2022CP3202987

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ) | ELEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Christopher Mobley II, | ) | C/A NO. 2022-CP-33-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| | ) | (Jury trial demanded) |
| -vs- | ) | |
| | ) | |
| Ryder Integrated Logistics Inc and Jerry | ) | |
| Huebschen, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, above-named, complaining of Defendant herein, would allege:

1. Plaintiff Christopher Mobley II (herein after "Plaintiff") is a citizen and resident of the County of Calhoun, State of South Carolina.

2. Upon information and belief, Defendant Ryder Integrated Logistics Inc. (hereinafter "Defendant Ryder") is a corporation organized and existing under the laws of the state of South Carolina.

3. Upon information and belief, Defendant Jerry Huebschen (herein after "Defendant Huesbschen") is a citizen and resident of the County of Lexington, State of South Carolina, and at the time the occurrence herein mentioned was the driver of the freight liner.

4. The events giving rise to this dispute occurred in Orangeburg County, South Carolina.

5. Venue is proper in Lexington County, South Carolina.

6. On or about March 6, 2020, Plaintiff was traveling east on US-178 while Defendant Huesbschen was driving west on also on US-178 in a freight truck owned by Defendant Ryder. When Defendant Huesbschen was making left on SC-394, he failed to yield right

ELECTRONICALLY FILED - 2022 Aug 30 9:45 AM - LEXINGTON - COMMON PLEAS - CASE#2022CP3202987

of way to Plaintiff, causing Plaintiff to slam on brakes to avoid colliding with Defendant Huesbschen who then went left of center, sliding on its right side.

7.    As a result of Defendants' negligence, recklessness, carelessness, willfulness, wantonness, and gross negligence, Plaintiff received serious and permanent injuries resulting in both suffering medical care, medical expenses, severe excruciating pain, and serious, permanent injuries which have and will in the future cause each to endure great physical pain, suffering, mental anguish, emotional distress, and ultimately cause Plaintiff to incur future medical bills and wage loss.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Negligence per Se as to Both Defendants)

8.    Plaintiff re-allege and reiterates the allegations set forth in the previous paragraphs as if set out herein verbatim.

9.    At the time and place mentioned above, Defendant Huesbschen was negligent, reckless, willful and wanton, in one or more of the following particulars, to wit:

    a.  In failing to maintain a proper lookout;

    b.  In failing to keep proper control of his vehicle;

    c.  In driving too fast for conditions;

    d.  In failing to yield the right of way;

    e.  In failing to exercise the degree of care that a reasonably prudent person would have exercised under the same or similar circumstances;

    f.  In such other and further particulars that the evidence in trial may show.

10.    By reason and in consequence of Defendants' conduct, Plaintiff has sustained property damage, severe and permanent injuries to various parts of their his body and these injuries were of such a nature so as to require Plaintiff to expend monies, seek doctors'

care, and incur other medical necessities. Plaintiff has suffered and will continue to suffer great pain, humiliation and mental anguish.

11.    All of which combined and concurred as a direct and proximate cause of the injuries and damages sustained by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

12.    Plaintiff is informed and believes that he is entitled to actual damages in an amount which would adequately compensate him for his injuries and damages as well as for reasonable punitive damages as may be determined by the trier in fact.

### FOR A SECOND CAUSE OF ACTION
**(Negligent Entrustment as to Defendant Ryder)**

13.    Plaintiff re-alleges and reiterates the allegations set forth in Paragraphs 1 through 12, as if set out verbatim herein.

14.    Defendant Ryder, at the time of the events described herein, had, or should have had constructive knowledge of Defendant Huesbschen's prior history of careless and reckless driving habits, delivery methods, and equipment operation.

15.    Despite this knowledge and under these circumstances, Defendant Ryder, entrusted the commercial vehicle and equipment to Defendant Huesbschen at the time of the events described herein.

16.    Defendant Ryder is liable to Plaintiff for his injuries and damages due to Defendant's negligent, grossly negligent, reckless, willful, and wanton entrustment of the truck and equipment to Defendant Huesbschen.

17.    That as a direct and proximate result of this negligent, careless, reckless, grossly negligent, willful and wanton entrustment of the truck and equipment to Defendant Huesbschen, Plaintiff was injured in the following particulars: she was caused to suffer

ELECTRONICALLY FILED - 2022 Aug 30 9:45 AM - LEXINGTON - COMMON PLEAS - CASE#2022CP3202987

ELECTRONICALLY FILED - 2022 Aug 30 9:45 AM - LEXINGTON - COMMON PLEAS - CASE#2022CP3202987

personal injuries, she has been forced to incur doctor and medical bills, she has been forced much mental anguish and physical pain, she has been caused to lose enjoyment of life, and that his injuries are permanent in nature and pursuant to Section 19-1-150 of the Code of Laws of the State of South Carolina, she will continue to incur damages into the future, all to the Plaintiff's damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages and for punitive damages as may be determined by the trier of fact, the cost of this action and for such other and further relief as this Court may deem just and proper.

_s/David R. Williams_
David R. Williams (SC Bar # 77899)
Virginia W. Williams (SC Bar # 77898)
Charlie H. Williams, III (SC Bar # 79897)
WILLIAMS & WILLIAMS ATTORNEYS AT LAW
1281 Russell Street
Orangeburg, SC 29115
Tel: (803) 534-5218
Fax: (803) 928-5190
Email: david@williamsattys.com
         ginny@williamsattys.com
         charlie@williamsattys.com

ATTORNEYS FOR PLAINTIFF

August 30, 2022
Orangeburg, South Carolina